GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN OF NEBRASKA, APPELLANT, v. ANCIENT ORDER OF UNITED WORKMEN TEMPLE ASSOCIATION ET AL., APPELLEES.

FILED JUNE 7, 1920.   No. 20887.

Insurance: SUBORDINATE LODGE: CONSTRUCTION OF CHARTER. A provision in the charter of a subordinate organization of a fraternal beneficiary society that in case of dissolution or forfeiture of charter "all property, money, books, and papers shall become the property" of the superior body will not be held to work a forfeiture of a fund raised by the subordinate organization for the conduct of its local work, known as the "general fund," or of property purchased with such fund for purely local advantage, where the by-laws of the superior body provide that in the event of suspension or dissolution it shall be the duty of the subordinate organization to de-

104 Neb.—40

liver to a named officer of the superior body "all its funds, *except its library, furniture, and general fund.*" The by-law in such case will be construed as interpretative of the provision in the charter.

APPEAL from the district, court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Nelson C. Pratt, E. J. Lambe, John Stevens* and *Edward F. Leary,* for appellant.

*Byron G. Burbank, contra.*

MORRISSEY, C. J.

This is a suit to cancel some certificates of corporate stock held by defendants, and to have new certificates on these shares issued in favor of plaintiff. The court gave judgment for defendants. Plaintiff appeals.

Plaintiff is a fraternal beneficiary society, consisting of a number of subordinate lodges. In 1917 plaintiff became insolvent and was forced to increase its insurance rates. A number of subordinate lodges thereupon withdrew, among those surrendering their charter being four lodges in the city of Omaha, which reorganized and affiliated themselves with the Grand Lodge, A. O. U. W. of Iowa. These lodges constitute the principal defendants in this suit.

The charter of each of the seceding lodges contained a provision that, in case they "should be dissolved or forfeit this charter, then all property, money, books, and papers shall become the property of the Grand Lodge of Nebraska." At the time of their withdrawal, each of these lodges held stock in the Ancient Order of United Workmen Temple Association, a corporation owning property in the city of Omaha. This stock was transferred to the respective lodges into which they reorganized themselves on affiliating with the Iowa order. Plaintiff now attempts to assert title to this stock, claiming that, under the charter provision above set out, ownership vested in it on the secession of the subordinate lodges.

Defendants deny plaintiff's right to the stock, on the ground that it was not purchased with funds intended for the conduct of the Grand Lodge's business, or over which the latter had any right of control. The stock was purchased with surplus from the general fund of each of the lodges, which consisted solely of revenue raised for local needs and purposes. The Grand Lodge never claimed any jurisdiction to name the purposes for which this fund should be expended. The authority to collect and create a general fund, however, was derived from the by-laws of the Grand Lodge, and the steps necessary to be taken in making payments out of the fund were also defined.

Whether a superior body of this character, under a provision that on dissolution, forfeiture, or surrender of the charter of a subordinate organization all money, property, etc., held by the latter shall become the property of the superior body, may claim a fund created by the members of the subordinate organization solely for local purposes, but collected under the warrant and authority of the constitution and by-laws of the superior body, is a question upon which the authorities are not agreed. A discussion of this point is found in *Grand Court, F. O. A. v. Court Germania*, 192 Mich. 380. We do not deem it necessary to determine that question in this case.

While the charter of each of the subordinate lodges contained a provision that in case of dissolution or forfeiture of charter "all property, money, books, and papers shall become the property of the Grand Lodge of Nebraska," the by-laws of the Grand Lodge provide that "when a lodge is suspended or dissolved it shall be the duty of the master workman to deliver to the grand master workman or his deputy all its funds and effects, *except its library, furniture, and general fund.*" This by-law should, we think, be construed in connection with the charter, as defining the property intended to be covered by the provision of the charter. The by-laws of the

Grand Lodge give no right to its officers to claim possession of the general fund of a subordinate organization, or to follow, as a trust, property purchased with this fund.

The court properly dismissed plaintiff's cause of action, and the judgment is

AFFIRMED.

LETTON and FLANSBURG, JJ., not sitting.